Filed 11/17/22  P. v. Wilson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078903 |
| v. | (Super.Ct.No. RIF150851) |
| KEVIN LAMONT WILSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Ronald L. Taylor, Judge. Affirmed.

Andrea S. Bitar, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Kevin Lamont Wilson appeals the Riverside County Superior Court's denial of his petition for resentencing made pursuant to section 1172.6 of the Penal Code.[1]  We affirm.

## BACKGROUND

In 2011, a jury found defendant guilty of offenses related to robbery of a business, including attempted murder stemming from shooting the business owner in the forehead. It also found true a corresponding section 12022.53, subdivision (d) personal use firearm enhancement.  The trial court sentenced him to a prison term of 50 years to life on account of the shooting (25 years to life for the attempted murder plus 25 years to life for the firearm enhancement).  Defendant appealed his conviction to this court and we affirmed.  (*People v. Wilson* (Nov. 27, 2012, E054550) [nonpub. opn.].)

On January 1, 2019, Senate Bill No. 1437 became effective.  (Stats. 2018, ch. 1015.)  That measure amended sections 188 (defining malice) and 189 (defining degrees of murder) to limit the reach of the felony murder rule in cases of first and second degree murder and eliminated the natural and probable consequences liability for murder.  (Stats. 2018, ch. 1015.)  The bill also added section 1172.6, which creates a procedure for convicted persons who could not be convicted under the statutes as amended to retroactively obtain relief.  In 2021, the Senate amended the statute to make clear that defendants convicted of attempted murder under a natural and probable

---

[1]  Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For the sake of simplicity, we refer to the provision by its new numbering.  All further statutory references are to the Penal Code.

consequences theory or manslaughter were entitled to resentencing relief. (§ 1172.6; Senate Bill No. 775; Stats. 2021, ch. 551, §§ 1-2, eff. Jan. 1, 2022.)

In January 2022 defendant filed a section 1172.6 petition to vacate his attempted murder conviction and to be resentenced. The trial court set the matter for a status conference and appointed counsel for defendant. At the April 2022 hearing, counsel for the People represented that he had reviewed the jury instructions in the matter and the court had not given instructions on natural and probable consequences. Counsel also noted that jury had found true the section 12022.53, subdivision (d) enhancement, which applies only if a defendant has personally and intentionally discharged a firearm and proximately causes great bodily injury or death to a person other than an accomplice. The court denied the petition based upon the jury's findings and defendant appealed.

## DISCUSSION

Defendant's appointed appellate counsel has filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. She requests us to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

Counsel suggests a potentially arguable issue: whether the trial court erred when it denied defendant's petition for relief under section 1170.95.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Although we are not required to independently review the record for potential errors in a postjudgment appeal, we exercised our discretion to do so in keeping

3

with our opinion in *People v. Griffin* (Nov. 14, 2022, E079269) ___ Cal.App.5th ___.

We found no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                        P. J.


We concur:

MILLER
                                J.

FIELDS
                                J.